Case 98.—ACTION ON CROSS PETITION BY BELLE JENKINS AGAINST THE SUN LIFE INSURANCE CO. OF AMERICA ON AN INDUSTRIAL POLICY OF INSURANCE.—June 15.

## Jenkins v. Sun Life Ins. Co. of America.

Appeal from Jefferson Circuit Court, Chancery Branch (2d Division).

Jenkins v. Sun Life Ins. Co. of America.

SAMUEL B. KIRBY, Judge.

Judgment for defendant. Plaintiff appeals. Affirmed.

Industrial Insurance—Rights of Parties—Reserved Fund—Transfer of Liability—Consent of Insured.

Industrial Insurance—Rights of Parties—Under subdiv. 3, sec. 659, Ky. Stats., it is provided: "On policies of industrial insurance when the weekly premiums are less than 50 cents it shall be optional with the company issuing the policy to pay either the cash surrender value or issue a paid-up policy of insurance, and upon such payments the company shall be absolutely released from all further claims or demands whatsoever under or by reason of said policies which shall then be cancelled." Where appellant had a policy in the Sun Life Insurance Co. of America, by the terms of which, in consideration of 10 cents per week, it agreed to pay at her death $144 to her personal representative, and by an arrangement between the Sun Life Co. and the Metropolitan Life Insurance Co. the latter agreed to assume all the outstanding policies of the Sun Life Co., to which appellant consented, and thereafter continued to pay her premiums to the Metropolitan Co., she is not entitled, in an action against the Sun Life Co., to recover any part of its reserved fund, as under the statute said company had the right, where the weekly premiums were less than 50 cents, either to pay their cash surrender value or issue a paid-up policy.

THUM & CLARK for appellants.

POINTS AND AUTHORITIES.

1. The cross plaintiff, Jenkins, has the right to sue for herself and all others similarly situated. (Civil Code, sec. 25; 1 Pomeroy's Eq., 245, et seq.)

2. There is no improper joinder and the court below has jurisdiction. (Commonwealth v. Scott, 65 S. W., 569; Wehle v. Commonwealth, 61 S. W., 35.)

3. The reserve is a trust fund for policy holders. When the Sun Life was released from its liabilities on policies and the policy holders consented to the assumption of their policies by the Metropolitan, it followed as a part of that assumption that the Metropolitan should provide sufficient reserve, which it should take from the Sun Life or out of its own surplus. Having provided a reserve out of its own surplus, the old reserve on

the Sun Life policies became the property of policy holders.
The stencil release is not broad enough to deprive policy holders
of their interest in the reserve, but only released the Sun Life
from the preformance of the policy. A reserve is a trust fund
for policy holders. (Ky. Stats., sec. 653; Ib., chap. 32, subdiv.
8; Ib., subdiv. 2; Ib., sec. 659, and amendment thereto; Acts
1902, Mar. 28, 1902; People v. Empire Mut. Life Ins. Co., 92 N.
Y., 105.)

MUIR WEISINGER, F. M. SACKETT and HUMPHREY, HINES
& HUMPHREY for appellees.

### POINTS AND AUTHORITIES.

1. The cross petition should have been stricken from the files
because not germane to the original petition. (Civil Code, sec.
96; Wills v. Boyd, 1 Duvall, 366; Crabtree v. Banks, 1 Met., 484;
Royce v. Reynolds, 10 Bush, 286.)

2. The cross petition stated no cause of action. (Chap. 32,
Ky. Stats.)

OPINION BY JUDGE PAYNTER—Affirming.

The Sun Life Ins. Co. of America is a corporation
organized under the laws of this State. It is not
a mutual, but a stock company. It was engaged in
what is known as "industrial insurance." It had is-
sued policies of insurance on the lives of various per-
sons. It desired to retire from business, and on
December 9, 1902; entered into an agreement with the
Metropolitan Life Ins. Co., by the terms of which the
latter company agreed to assume its outstanding
policies of insurance, with the consent of the several
holders and owners thereof, and to carry out all the
provisions of such policies. It was also provided
that the Metropolitan Co. was entitled to receive all
premiums thereafter paid on the policies which it
assumed with the consent of the owners, and was to
pay the death claims arising thereunder. It was
further provided that, where the holder of a policy
refused to release the Sun Co. and consent that the

Metropolitan Co. might assume the liability thereon, the Sun Co. was to assign to the Metropolitan Co. all premiums thereafter received on such policies, and in consideration thereof the Metropolitan Co. would insure the Sun Co. against claims which might be asserted thereunder. It was further agreed that all policies which the Metropolitan Co. assumed with the consent of the holders were to be stamped with the contract of assumption, and each contract was to contain a release of the Sun Co. by the policy holder. The effect of the contract was to require the Metropolitan Co., so far as the policy holder of the Sun Co. would consent, to stand in the shoes of the Sun Co., and thus be responsible to the insured instead of the Sun Co. There are other provisions in the contract unnecessary to recite. We will not state the steps taken in the action in the lower court by which the appellee, Belle Jenkins, became a party thereto. It is sufficient to say that the court allowed her to be made a party on a cross-petition, and we do not pass upon the question as to whether the court erred in that respect, because we prefer to decide the important and controlling question in the case. It appears the court sustained a demurrer to her cross-petition as amended, and that action of the court is here for review.

The Sun Co. issued to the appellant a policy of insurance on her life, by the terms of which, in consideration of 10 cents per week, it agreed at her death to pay her personal representative $144. She had been paying on it some time when a contract was entered into by the Sun Co. and the Metropolitan Co. It is averred in her petition that the Sun Co. has a large reserve fund, and that her part of it amounted to $20.13; and she seeks by this action to recover that sum for herself, and other sums for a

class of policy holders situated like herself. She agreed that the Metropolitan Co. might assume the liability which existed under her policy against the Sun Co. With her consent there was stamped upon her policy by the Metropolitan Co. an indorsement as follows: "The Metropolitan Life Ins. Co. hereby assumes this policy as its own, provided the same is in force by its terms, and agrees with the owner thereof to perform the same in place of the Sun Life Ins. Co. of America, and the owner of this policy hereby agrees to accept the Metropolitan Life Ins. Co. as a party to this policy in place and release of the Sun Ins. Co. of America, and to pay all premiums to the Metropolitan Life Ins. Co. This contract is placed upon this policy by agreement of the owner thereof. In witness thereof, the Metropolitan Life Ins. Co. has by its president and secretary executed this agreement." It will be observed by the terms of the contract she agreed to accept the Metropolitan Co. as a party to this policy in place and release of the Sun Co., and she agreed to pay the premiums to the Metropolitan Co. It was made in accordance with the agreement that existed between the Sun Co. and the Metropolitan Co. Since the indorsement was made upon her policy she has continued to pay premiums to the Metropolitan Co. She had the same right to make the contract with the Metropolitan Co. that it would assume the liability of the Sun Co. as she had to make the contract with the Sun Co. for a policy of insurance. She is bound by the contract which she has made. The Metropolitan Co. is required to carry out the obligations which the Sun Co. assumed when it issued the policy. Everything which the Sun Co. agreed to do, the Metropolitan Co., with her consent, assumed to do for her. There is not the slightest doubt about her right to enforce

Jenkins v. Sun Life Ins. Co. of America.

against the Metropolitan Co. whatever rights existed by the terms of the contract. Therefore she is not in the slightest degree prejudiced by the contract which she made, unless the Metropolitan Co. should ultimately be unable to perform the obligations imposed by the policy. If that be true, then she suffers from a risk that she voluntarily assumed, and she can not complain of the Sun Co. In some way the appellant seems to think that she is entitled to part of the reserve fund of the Sun Co. While she held the policy in the Sun Co. she had a right to look to that, together with other assets of the company, for the faithful performance of the terms of her policy; but, as we have said, she surrendered that right when she permitted the other company to assume all the liability imposed by the policy.

In subdiv. 3, sec. 659, Ky. Stats., 1903, it is provided: "On policies of industrial insurance, where the weekly premiums are less than 50 cents each, it shall be optional with the company issuing said policy, to pay either the cash surrender value, or issue a paid-up policy of insurance, and upon such payments, the company shall be absolutely released from all further claims or demands whatsoever, under or by reason of said policies, which shall then be cancelled."

This provision of the statutes gives the company the option when premiums are less than 50 cents, either to pay their cash surrender value, or issue a paid-up policy of insurance, and upon such payment the company shall be absolutely released from all further claims or demands whatsoever under the terms of the policy. If the appellant had never released the Sun Co., and had made certain yearly payments, and then had failed to pay a premium, she would, under another clause of sec. 559, Ky. Stats.,

have been entitled to the surrender · value of her policy. To obtain this she would have been compelled to surrender her policy in the Sun Co. So, had she remained a policy holder in that company, this action could not have been maintained against it upon the facts averred in her petition. We are of the opinion that her cross-petition did not state a cause of action.

The judgent is affirmed.